People v Smith (2021 NY Slip Op 03697)





People v Smith


2021 NY Slip Op 03697


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


304 KA 14-01894

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYLAN SMITH, DEFENDANT-APPELLANT. 






TULLY RINCKEY, PLLC, ROCHESTER (PETER J. PULLANO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered August 14, 2014. The judgment convicted defendant upon a jury verdict of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 10 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). The conviction arose from an incident in which defendant stabbed the victim during a verbal altercation. We reject defendant's contention that he was deprived of a fair trial by the People's failure to disclose purported Brady material, i.e., a Mental Health Court referral for a prosecution witness who observed the stabbing (eyewitness). Even assuming, arguendo, that the Mental Health Court referral was in the People's possession and constituted material impeachment evidence that was favorable to defendant (see People v Giuca, 33 NY3d 462, 473 [2019]), we conclude that defendant was not deprived of a fair trial because defense counsel was able to obtain the information regarding the referral prior to trial and had "a meaningful opportunity to use th[at] allegedly exculpatory evidence to cross-examine the [eyewitness]" (People v Hines, 132 AD3d 1385, 1386 [4th Dept 2015], lv denied 26 NY3d 1109 [2016]; see People v Concepcion, 262 AD2d 1058, 1058 [4th Dept 1999], lv denied 94 NY2d 821 [1999]).
We further reject defendant's contention that County Court erred in refusing to issue a subpoena for medical records related to the eyewitness. A defendant seeking such a subpoena must "proffer a good faith factual predicate sufficient for a court to draw an inference that specifically identified materials are reasonably likely to contain information that has the potential to be both relevant and exculpatory" (People v Kozlowski, 11 NY3d 223, 241 [2008], rearg denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]). Here, defense counsel argued on the first day of trial that she wanted to determine whether medical records existed regarding the eyewitness's neurological condition in light of his purported 100 concussions and thus requested that the court issue a subpoena for the eyewitness's medical records. Inasmuch as defense counsel did not know whether medical records regarding the eyewitness's neurological condition even existed, she failed to request "specifically identified materials" (id.) and to demonstrate that she was "not engaged in a fishing expedition" (id. at 242).
Defendant also contends that the court erred in refusing to charge the jury on the defense of justification. We reject that contention. The evidence at trial established that defendant responded to the victim's threats of nondeadly force by using deadly physical force—to wit, stabbing the victim in the arm with a knife (see People v Haynes, 133 AD3d 1238, 1239 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). Viewing the record in the light most favorable to [*2]defendant (see People v Brown, 33 NY3d 316, 324 [2019], rearg denied 33 NY3d 1136 [2019]), we conclude that "there is no reasonable view of the evidence that [defendant] was anything other than the initial aggressor in his use of deadly physical force," and thus "he is not entitled to a jury instruction on justification" (id. at 325; see People v Taylor, 134 AD3d 508, 509 [1st Dept 2015], lv denied 28 NY3d 1075 [2016]).
We likewise reject defendant's contention that the verdict is against the weight of the evidence. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the sentence is unduly harsh and severe, particularly in light of defendant's lack of criminal history and the circumstances of this case (see People v Hampton, 113 AD3d 1131, 1133 [4th Dept 2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1062 [2014], cert denied 575 US 1042 [2015]). We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 10 years, which was the term that the People had recommended at the time of sentencing, to be followed by the five-year period of postrelease supervision previously imposed by the court.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court